## *In re* KOCH INTERCOUNTY DRAIN.

### HOLTZ *v.* KUMMEROW.

1. Drains—Intercounty—Condemnation—Certiorari—Parties.

A probate court order denying petition for appointment of special commissioners for condemnation of 3 rights-of-way for intercounty drain on ground of important irregularities and errors in proceedings theretofore had, if left to stand would summarily halt the entire project, hence 1 of the petitioners for the drain was an interested party entitled to prosecute writ of certiorari in the circuit court, as the order embraced more than the condemnation phase (CLS 1956, §§ 280.76, 280.128).

2. Certiorari — Intercounty Drains — Condemnation — Probate Court Orders.

It is the duty of the circuit judge on certiorari to probate judge, relative to his order denying appointment of special commissioners for condemnation of rights-of-way on ground of important irregularities and errors so that proceedings theretofore had were not in accordance with the pertinent statute, to hear and determine the same rather than summarily dismiss the writ (CLS 1956, §§ 280.76, 280.128; Court Rule No 43 [1945]).

Appeal from Monroe; Weipert, Jr. (William J.), J. Submitted October 10, 1961. (Docket No. 44, Calendar No. 48,909.) Decided December 1, 1961.

Certiorari by Orie Holtz against Albert Kummerow, Lester Klock, and others to review order of probate judge denying appointment of commissioners for condemnation proceedings in connection with lo-

References for Points in Headnotes

[1]  10 Am Jur, Certiorari §§ 5, 10, 11, 13, 17.
[2]  10 Am Jur, Certiorari § 19.

cation and construction of an intercounty drain. Writ dismissed. Plaintiff appeals. Reversed and remanded for hearing.

*James J. Kelley, Jr.,* for plaintiff.

*Ready & Braunlich,* for defendants.

PER CURIAM. Proceeding under chapter 6 of the drain code of 1956 (CLS 1956, § 280.121 *et seq.* [Stat Ann 1960 Rev § 11.1121 *et seq.*]), appellant Holtz and others petitioned for the location, establishment and construction of a drain, alleging "that they are freeholders in the drainage district as laid out and designated * * * in the counties of Lenawee and Monroe * * * in which said district the Koch intercounty drain or any part thereof, herein applied for is to be located, established and constructed." In pursuance of said petition a statutory "order of necessity" was executed November 5, 1957. The concluding paragraph of the order reads:

"Now therefore, we the members of the drainage board for the Koch intercounty drain by a majority vote thereof do hereby order and determine that said proposed drain is necessary and conducive to public health, convenience and welfare, and that said petition for the locating, establishing, and constructing of the Koch intercounty drain (of said proposed drain) should be granted."

Under date of April 13, 1960, the intercounty drainage board applied to the probate court for the appointment of special commissioners for condemnation of 3 yet unreleased rights-of-way required for the drain. The petition was filed under section 128 of the drain code (CLS 1956, § 280.128 [Stat Ann 1960 Rev § 11.1128]), and was set for hearing May 16, 1960. On that date the Monroe county probate judge entered this order:

"It is ordered that the application made for the appointment of special commissioners was not done as soon as practicable as required by law, and that there are irregularities and errors of sufficient importance so that the proceedings heretofore had in the Koch intercounty drain are not in accordance with the drain code of 1956, so that the petition for the appointment of special commissioners is herewith denied."

Mr. Holtz thereupon applied to the Monroe county circuit court for a writ of certiorari to review the quoted probate court order. The writ was issued and returned, whereupon the above appellees moved to dismiss the writ assigning pertinently that Mr. Holtz "was not a party to the proceedings in the Monroe county probate court, sought to be reviewed by this writ, and may not petition to review a proceeding in which he is not a party." The motion to dismiss referred of course, to the condemnatory proceeding which had been instituted under said section 128.

The motion to dismiss was granted. From such order of dismissal Mr. Holtz brings this appeal.

The gist of the circuit judge's ruling appears in his opinion this way:

"Petitioner for the writ of certiorari, Orie Holtz, was not a party to the proceedings in the Monroe county probate court. Those proceedings affected only landowners who had not voluntarily released a right-of-way. CLS 1956, § 280.128 (Stat Ann 1960 Rev § 11.1128) specifies that the appointment of special commissioners shall be in accordance with CLS 1956, § 280.76 (Stat Ann 1960 Rev § 11.1076), providing for the issuance of a citation 'to all persons whose lands are traversed by such drain, who have not released the right-of-way.' It would not seem that petitioner's presence in probate court and his verbal objection to the time and manner of the hearing for the appointment of special commissioners

could make him a party to the proceedings. The order to show cause was not directed to him and the order of the probate judge did not bind him. The above sections of the drain code establish that only those persons who refused to execute a voluntary easement are parties to the proceedings."

With such conclusion we cannot agree. If the proceedings affected by the probate court order had been confined to such as were pursued under said section 128, the question decided by the circuit judge would then have been squarely presented. But the probate court order went farther and, if left to stand, will have nullified and brought to summary end all of the aforesaid proceedings under chapter 6 including Mr. Holtz' apparently valid and duly granted petition described above. To such chapter 6 proceedings Mr. Holtz definitely was an interested party. He was in fact the circulator of the petition section 121 of the chapter required.

The probate court order brought to an end the chapter 6 proceeding on assigned ground that "there are irregularities and errors of sufficient importance so that the proceedings heretofore had in the Koch intercounty drain are not in accordance with the drain code of 1956." If, as found by the probate court, there were such irregularities and errors, it became the duty of the circuit judge to hear and determine the same rather than summarily dismiss the writ.

The motion to dismiss was out of order. The circuit judge should have proceeded to due hearing as provided in section 5 of Court Rule No 43 (1945). Reversed and remanded accordingly. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.